UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

PEARL MILES

        PLAINTIFF

-AGAINST-

ERIC ADAMS, INGRID LEWIS-MARTIN, DEMETRIUS LAWRENCE, PATRICIA BAKER, DENISE MANN, JACQUELINE WELCH; EVELYN WILLIAMS, SIMONE BENNETT, ANDREW GOUNARDES, AND CITY OF NEW YORK

        DEFENDANTS

INDEX #

VERIFIED COMPLAINT
WITH JURY DEMAND

DATE PURCHASED:

CV 15 6171

AMON, CH.J.

Kuo, MJ

---

Pearl Miles, through her counsel Tamara Harris, alleges as follows:

## JURISDICTION

1.    This is an action arising under the laws of the State of New York. This court has subject matter jurisdiction over plaintiff's claims pursuant to 28 USC §1331, as there is a federal question. Venue is proper in this district under §28 USC 1391(b). Notice of Claim was filed within 90 days of the accrual of this action.

## THE PARTIES

2.    Plaintiff is the District Manager of New York City's Community Board 9 in Brooklyn and maintains a residence in Long Island, New York.

3.    Defendant Eric Adams, the Brooklyn Borough President maintains a principal place of business in Brooklyn, New York.

4.  Defendant Ingrid Lewis- Martin, Senior Advisor to Brooklyn Borough President Eric Adams, maintains a principal place of business in Brooklyn, New York.

5.  Defendant Andrew Gounardes, is counsel for Eric Adams in the Borough President's Office, and maintains a principal place of business in Brooklyn, New York.

6.  Defendant Demetrius Lawrence, the Chairman of the Board of City of New York's Community Board 9 in Brooklyn, is a member of the Executive Committee and maintains a principal place of business in Brooklyn, New York.

7.  Defendant Patricia Baker is the first vice chair in the Executive Committee at Community Board 9 in Brooklyn.

8.  Defendant Denise Mann, the second vice chair in the Executive Committee at Community Board 9, maintains a principal office in Brooklyn, New York.

10. Jacqueline Welch, a Member at Large, in the Executive Committee at Community Board 9, maintains a principal place of business in Brooklyn, New York.

11. Evelyn Williams, a Member at Large in the Executive Committee at Community Board 9, maintains a principal place of business in Brooklyn, New York.

12. Simone Bennet, the Treasurer of the Executive Committee at Community Board 9, maintains a principal place of business in Brooklyn, New York.

## DEFENDANTS VIOLATED THE AGE DISCRIMINATION IN EMPLOYMENT ACT

13. Plaintiff Pearl Miles is a member of a protected class in that she is 66 years old.

14. At all times Pearl Miles was qualified for her position as District Manager of New York City Community Board 9 in Brooklyn.

15. In the past thirty years that plaintiff has worked for Community Board 9 as Assistant District Manager (for eight years) and then District Manager (for 22 years), she has never received any form of written discipline.

16. Rather, plaintiff has received the highest commendations for her performance as District Manager for Community Board 9- ranging from oral commendations to thirty awards for exemplary service.

17. Even defendant Eric Adams, the Borough President issued one of these high honors to Pearl Miles himself.

18. Specifically, on February 27, 2011, while Eric Adams was New York State Senator for the 20th District, he provided Pearl Miles with a "Citation Honoring Ms. Pearl Miles Exemplary Service."

19. This "Citation for Exemplary Service" states as follows: "Whereas a great state is only as great as those individuals that perform exemplary service on behalf of their community, whether through unique achievement in professional or other endeavors, or simply through a lifetime of good citizenship; and whereas, it is the sense of this legislative body that when individuals of such noble aims and accomplishments are brought to our attention it is appropriate to publicly proclaim and commend those individuals for the edification and emulation of others, now therefore, be it RESOLVED that I, State Senator Eric Adams, commend Ms. Pearl Miles, for her exemplary service to the community and state, and be it further RESOLVED, that a copy of this citation be transmitted to Ms. Pearl Miles during

today's Team Adams Community Board Presidents Recognition Breakfast Celebration."

20. This Citation Honoring Pearl Miles is dated February 27, 2011 and signed by Eric Adams himself.

21. As recently as one week ago Ms. Miles received a thank you letter from one of the community's high schools for teaching them about the development and importance of Community Boards. This letter came in the wake of thirty awards for stellar performance.

22. Several weeks after defendant Eric Adams became Borough President of Brooklyn, on or about January 2014, his Senior Advisor, Ingrid Lewis Martin, approached Jacob Goldstein (who was Chariman of Community Board 9 at that time).

23. Ingrid Lewis Martin informed Chariman Goldstein that she wanted plaintiff fired because plaintiff was purportedly too old, and she wanted to replace plaintiff with someone younger.

24. Jacob Goldstein advised Ingrid Lewis Martin, Senior Adviser to the Borough President, that it was not appropriate to fire a woman because of her age- especially a woman who was competent at her job; and that he would not acquiesce in such a request when plaintiff had engaged in no misconduct warranting termination.

25. On or about April 2014 Eric Adams, who was Borough President of Brooklyn at this time, called a meeting with Jacob Goldstein, who was then Chairman of Community Board 9 in Brooklyn.

26. At this meeting, which took place at Borough Hall, Brooklyn Borough President Eric Adams explicitly told Chairman Goldstein he wanted Pearl Miles fired; and he wanted Jacob Goldstein to make certain her employment was terminated forthwith.

27. Jacob Goldstein demanded to know what Pearl was charged with, and insisted that he would not fire someone unless it was "for cause" and based on some evidence of misconduct.

28. Eric Adams responded that there were no charges of misconduct and it was not "for cause". Rather, Borough President Eric Adams explicitly told Chairman Goldstein that Pearl Miles was "too old" and he wanted to hire "new blood" by replacing Pearl with someone younger.

29. Jacob Goldstein indicated he would not fire plaintiff because of her age, and that terminating a woman who excelled at her job because of her age was unethical and illegal.

30. Eric Adams threatened to prevent Chairman Goldstein from being reappointed to the Board if he failed to acquiesce in Adams' demand that Pearl be fired because of her age.

31. Specifically, Adams threatened to influence the board members he appointed to refrain from voting for Jacob Goldstein as Chairman at the next election. Prior to this threat Jacob Goldstein had been Chairman of Community Board 9 for thirty one (31) years.

32. Jacob Goldstein refused to fire plaintiff, finding it reprehensible that the Borough President and his Senior Advisor were requesting he discriminate against plaintiff based on her age.

33. Jacob Goldstein is presently a Board Member, but no longer Chairman of the Board of Directors.

34. The Board is presently composed predominantly of people handpicked for appointment by Borough President Eric Adams and the board operates as a puppet of Mr. Adams. To date, Mr. Adams replaced the old board members with roughly 25 people that he handpicked, who are willing to carry out his wishes of terminating Pearl Adams employment.

35. This board, that was handpicked by Eric Adams, then elected the Executive Committee for Community Board 9 (whose members include defendants Demetrius Lawrence, Patricia Baker, Denise Mann, Jacqueline Welch, Evelyn Williams, and Simone Bennett.) Demetrius Lawrence is both Chairman of the Board and on the Executive Committee.

36. On or about October 15, 2015 the Executive Committee held a meeting where the agenda was to discuss terminating the 66 year old plaintiff's employment, in compliance with the Borough President's wishes (predicated on age animus).

37. At that meeting the Executive Committee decided that a public meeting would be held, whereby the Executive Committee would recommend plaintiff's termination to the Board, based on pretextual charges.

38. At this point in time the Board (of which Executive Committee membr Demetrius Lawrence was also Chairman, and which was stacked with Eric Adams'

appointments) would have the opportunity to vote for plaintiff's termination; thereby carrying out the wishes of Eric Adams and Ingrid Lewis-Martin.

39. The Executive Committee members who participated in this age-motivated decision to call a public meeting, where the hand-picked Board would vote on the termination of plaintiff's employment were: 1.Demetrius Lawrence, the Chairman of the Board; 2. Patricia Baker, the first vice chair; 3. Denise Mann, the second vice chair; 4. Jacqueline Welch, a Member at Large; 5. Evelyn Williams, Member at Large; and 6. Simone Bennet, the Treasurer.

40. Simone Bennet, the Treasurer of the Executive Committee, has made nasty comments directly to plaintiff that she should retire and she is old enough to retire, prior to voting to terminate plaintiff's employment.

41. On October 16, 2015 Demetrius Lawrence sent Pearl Miles a letter that the executive committee had agreed to recommend to the full board, on October 27, 2015, that she be terminated at a public meeting.

42. This was done because of the unlawful influence of Eric Adams, who had been trying for one year to get the former Chairman of the Board, Jacob Goldstein, to terminate Pearl because of her age.

43. Even *before* the meeting whereby the Board would vote to determine whether Pearl would have to be terminated- scheduled for October 27, 2015- Demetrius Lawrence preemptively restricted plaintiff's email, claiming he was authorized to do this because he got approval from Eric Adams's Office in Borough Hall.

44. Demetrius Lawrence first cut plaintiff's email off at work on October 15, 2015- twelve days before the scheduled Board vote to terminate her employment and before the Executive Committee notified Pearl a public meeting would be held on October 27, 2015, whereby the Board would vote on her termination. This was a malicious attempt to force plaintiff out of her job and prevent her from carrying out her daily functions, even before a termination was approved by the Board.

45. Plaintiff managed to have the IT personnel at her job reinstate her email, initially.

46. Demetrius Lawrence texted plaintiff on October 19, 2015 that plaintiff would have the opportunity to respond to the Executive Committee's decision to recommend her termination at the public meeting on October 27, 2015 but that her email would be cut off even before that meeting and vote took place. He claimed he was authorized to do this by Eric Adams counsel, defendants Andrew Gounardes. In essence defendants Adams, Gounardes, Lawrence and all other defendants (acting in concert) were trying to force plaintiff out even before she was officially terminated by vote of the Board- thereby creating a hostile work environment.

47. On October 23, 2015 Demetrius Lawrence again ordered her email be shut off--four days before the issue of her termination was submitted to a vote by the Board of Directors. This was in direct contravention of the bylaws for Community Board 9 and an action taken out of age animus by Demetrius Lawrence, acting in concert with all named defendants.

48. Defendants notified plaintiff they are planning on taking adverse action against her on October 27, 2015; to wit, terminating her employment as District

Manager- despite her being qualified and after she has held that position for the past thirty years.

49. In violation of the bylaws, defendants have treated plaintiff as if she is already terminated and taken steps to preventing her from carrying on her normal work functions (such as utilizing email) even before the vote on whether to terminate plaintiff's employment, and at which point they are supposed to give her an opportunity to respond to the recommendation for her termination at public meeting- prior to the Board's vote. However, defendants have listed her as a terminated employee and shut her out of the Community 9 email system before the recommendation was officially made; before plaintiff was given at least 10 days to respond (pursuant to the bylaws) and before the actual vote was taken by the Board (which has been stacked by the Borough President's cronies anyway).

50. All of the above named defendants are City officials who operate as plaintiff's employer- with the power to fire plaintiff; and all of whom are acting in concert to create a hostile work environment for plaintiff and remove plaintiff from her job due to her age.

51. Pearl Mile's age is the "but for" cause of her impending termination, presently scheduled for October 27, 2015 and the adverse treatment she has suffered is a direct result of her older age.

52. The circumstances under which plaintiff is being forced out (restrictions on email, commentary to her about her old age, and threats of reprisal against former Chairman/present Board Member Jacob Goldstein by Borough President and his staff), even before her termination is submitted to a vote of the Board on the

October 27, 2015 (and before plaintiff has been given 10 days to respond to the recommendation under the bylaws)- evidences that age animus is the "but for" cause for the disparate treatment, hostile work environment and adverse employment action that plaintiff is suffering; and the "but for" cause of her impending termination on October 27, 2015.

53. Defendants actions are malicious and motivated by age animus.

54. Plaintiff has filed a complaint with the EEOC and has been informed a right to sue letter has been sent out.

55. WHEREFORE, plaintiff has suffered severe emotional anguish as a result of this treatment, and seeks 5 million dollars in emotional damages; plaintiff has suffered compensatory damages in the form of legal fees to enforce her right to equal protection of the laws and to be free from age related discrimination- in the amount of $7,5,000; plus anticipated lost wages if she is in fact fired on October 27, 2015; plaintiff further seeks punitive damages against defendants to deter this malicious conduct in the amount of $5 million.

## ALL NAMED DEFEDANTS ARE PUBLIC OFFICIALS AND HAVE VIOLATED 42 UNITED STATES CODE SECTION 1983 BY DENYING PLAINTIFF EQUAL PROTECTION OF THE LAWS UNDER THE FOURTEENTH AMENDMENT

56. Plaintiff repeats and realleges all of the aforementioned allegations.

57. Plaintiff is employed by Defendant City of New York as District Manager of Community Board 9.

58. All named Defendants have discriminated against plaintiff on the basis of age and have denied her the equal protection of the laws, guaranteed by the Fourteenth

Amendment, by trying to force her out of her job because of her age; abusing her with commentary reflecting age-animus; and scheduling a vote to fire her from city employment because of her age. Defendants Eric Adams and Ingrid Lewis-Martin have used their public office to perpetrate age related discrimination in employment against plaintiff; and Defendant Adams has gone so far as to threaten the former Chariman of the Board with retaliation if he did not acquiesce in Adams's demands that he fire plaintiff because of her age. This is abuse of power at its peak.

59. This conduct is objectively unreasonable and a clear violation of the law of the Second Circuit and the Constitution of the United States.

60. Defendants are state actors who are depriving plaintiff of her 14th amendment right to equal protection of the laws.

61. Defendants are all liable under 42 USCS Section 1983 for compensatory damages in the amount of $7,500 legal fees, which continue to accrue and future lost wages; 5 million dollars punitive damages for malicious conduct; and $5 million dollars emotional damages for pain and anguish they have caused plaintiff to suffer.

## PRELIMINARY INJUNCTION

62. Plaintiff repeats and realleges all of the aforementioned allegations.

63. Plaintiff is likely to succeed on the merits of this case, as she has witnesses who will testify that they were ordered to fire plaintiff because of her age, including former Chairman of the Board, Jacob Goldstein; and evidence that she has been forced out even before the official recommendation to fire her has been presented to vote before the Board.

64. Plaintiff will be irreparably damaged if the meeting to terminate her is allowed to go forward tomorrow as she is 66 years old and unlikely to find alternative employment at that age. Such a termination will cause extreme financial hardship for her.

65. Plaintiff has no adequate remedy at law since her age makes her practically unemployable, and a termination will result in her being unable to work again.

66. The balancing of the equities favor plaintiff since defendants suffer no prejudice by being mandated to obey the law, which prohibits an employer or state actor from terminating one's employment because of age, and of violating the 14th amendment equal protection clause.

67. WHEREFORE, plaintiff respectfully requests this court order a preliminary injunction.

68. Plaintiff demands trial by jury for all claims.

DATED: OCTOBER 23, 2015

_____
TAMARA HARRIS
The Law Office of Tamara Harris
111 Broadway, Ste 706
New York, NY 10006
(212) 334-1050

## VERIFICATION

I, Pearl Miles depose and swear that I have read the within complaint and verify the foregoing to be true to the best of my knowledge.

*Sworn to before me on this 26th of October 2015*

*[signature]*

**PEARL MILES**

NOTARY PUBLIC

H. BENJAMIN PEREZ
Notary Public, State of New York
No. 02PE6166223
Qualified in Queens County
Commission Expires May 21, ~~2015~~ 2019

## AFFIDAVIT OF JACOB GOLDSTEIN

1. I was Chairman of the Board of Community Board 9 since December 1979 until 1994; and again from 1995 until 2014.

2. I have known Eric Adams since he was state senator, in my capacity as chairman and as a community resident.

3. Eric Adams assumed his duties as Borough President of Brooklyn on January 20, 2014.

4. At this time I was still Chairman of the Board.

5. Within a few weeks of Eric Adams assuming his Borough Presidency I was approached by Ingrid Lewis Martin (Senior Advisor to the Borough President) and she informed me that Pearl had to be terminated because of her age.

6. I asked her why does Pearl have to be fired.

7. She responded that Pearl was too old for the job and it was time for a change with younger blood.

8. I responded by inquiring of Ingrid what basis she had to request Pearl's firing and specifically asked if there were any charges pending against Pearl, to warrant such a draconian remedy.

9. Her response did not answer my question and she just insisted that Pearl "had to go".

10. Subsequent to that, around February or March of 2014, I had a meeting with Borough President, Eric Adams in Borough Hall.

11. At this meeting he reiterated the same thing that Ingrid Lewis-Martin stated. Specifically, Eric Adams said Pearl was too old for the job and "had to go".

12. I again asked what are the charges to warrant him firing her.

13. He refused to respond and stated "I am Borough President, what I say goes, and you listen to me."

14. I responded by saying that I could not just summarily fire her without cause.

15. He responded she's been around a long time and has to go; he is too old; and he wants new blood.

16. He indicated to me that if I refused to fire her then I would not be reappointed to the Board. Under the City Charter the Borough President appoints 25 members to the community Board, and he threatened to misuse his power to prevent my reappointment.

17. This was a direct threat that either I acquiesce in his demand to fire Pearl Miles because of her older age, or suffer retaliation.

18. I refused to fire Pearl and walked out of the office.

19. As far as I am concerned, Pearl is an exemplary public official. She knows City government inside out and how it functions. She took charge of her job and was quick and efficient at everything she did. Board 9 is blessed to have her as District Manager and it has been a privilege to work with such a diligent and intelligent public servant as District Manager for the past thirty years.

20. I pray the federal court will see the injustice that is attempted to be done to her and intervene on her behalf to prevent her from being terminated due to age.

JACOB GOLDSTEIN

Sworn to before me this 26th day of October 2015

NOTARY PUBLIC

JULIO E. PORTILLA
Notary Public, State of New York
No. 02PO6252910
Qualified in New York County
Commission Expires 12/12/2015

## AFFIDAVIT OF PEARL MILES

1. I am the plaintiff in the within case.

2. I have worked for City of New York Community Board 9 for the past thirty years as District Manager.

3. I have an impeccable track record, including 30 awards for excellent performance.

4. I have always been qualified for my job.

5. *I adopt all of the facts in my verified complaint for the purpose of this affidavit.*

6. I have been discriminated against by all named defendants because of my age, who have made comments that I am too old for my job; need to be replaced with someone younger; and need to retire.

7. I have been advised that the Executive Committee will recommend I be terminated tomorrow at a public meeting.

8. This termination is a direct result of age animus.

9. I am 66 years old and will be irreparably injured if I am terminated tomorrow, since it is extrememly unlikely I will find alternative employment at my age. Furthermore, I will suffer severe financial hardship.

10. I am likely to succeed on the merits of this case as the former Chairman of the Board has submitted an affidavit attesting to admissions made to him by defendants Eric Adams and Ingrid Lewis-Martin that the sole reason they wanted me fired was because of my age.

11. Furthermore, I have first hand knowledge of commentary made by other defendants, who told me directly I am too old for my job and should retire- before recommending my termination.

12. The balancing of the equities favor granting a temporary restraining order and permanent injunction in this case, because I defendants' suffer no prejudice in having to comply with federal laws that prohibit firing employees because of age.

13. I have no adequate remedy at law in this case. At 7pm tomorrow I will be terminated from a position I have held for 30 years. I have a small 24 hour window of opportunity to preserve the status quo and prevent my impending termination. Hence, the harm I face is imminent.

14. I am therefore, respectfully requesting this Court grant my application for a TRO and permanent injunction and refer this court to my Verified Complaint and the Affidavit of Jacob Goldstein for further details.

_Pearl Miles_

Pearl Miles

Sworn to before me this 26 day of October 2015

_____
NOTARY PUBLIC    H. BENJAMIN PEREZ
Notary Public, State of New York
No. 02PE6166223
Qualified in Queens County
Commission Expires May 21, ~~2015~~ 2019