UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------x
PEARL MILES,

            Plaintiff,

     -against-

ERIC ADAMS; INGRID LEWIS-MARTIN;
DEMETRIUS LAWRENCE; PATRICIA
BAKER; DENISE MANN; JACQUELINE
WELCH; EVELYN WILLIAMS; SIMONE
BENNETT; ANDEW GOUNARDES; and
CITY OF NEW YORK,

            Defendants.
----------------------------------------------------------x

NOT FOR PUBLICATION
**MEMORANDUM & ORDER**
15-CV-6171 (CBA) (PK)

**AMON, Chief United States District Judge:**

On October 27, 2015, Plaintiff Pearl Miles ("Miles") filed this action against Eric Adams, Ingrid Lewis-Martin, Demetrius Lawrence, Patricia Baker, Denise Mann, Jacqueline Welch, Evelyn Williams, Simone Bennett, Andrew Gounardes, and the City of New York, alleging violations of 42 U.S.C. § 1983, and the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §§ 621 et seq. She seeks a temporary restraining order ("TRO") preventing the defendants from terminating her employment with the City of New York or otherwise interfering with her ability to perform the duties of her position, accompanied by an order to show cause ("OTSC") requiring defendants to demonstrate why the Court should not enjoin them from firing her (or recommending her firing) going forward.[1] She alleges that she expects to be dismissed following an imminent vote by the board governing her position. The Court declines to issue either the OTSC or the TRO.

---

[1] Miles acknowledges having given no advance notice to defendants of the pending application, though she claims this was done deliberately to avoid triggering an accelerated schedule for the termination of her employment. (Harris Affirm. ¶ 47.)

1

## BACKGROUND

Miles is 66 years old, (Harris Affirm. ¶ 6), and has worked for City of New York Community Board 9 ("Community Board 9") for the past 30 years as District Manager, (id. ¶ 2). Miles claims to have been an exemplary employee, winning 30 awards in her tenure with the Community Board 9. (Id. ¶¶ 3–4.)

Miles claims that, shortly after defendant Eric Adams ("Adams") became Borough President of Brooklyn in January of 2014, (id. ¶¶ 11–12), he began "conspiring to remove" her from her position on the basis of her age, (id. ¶ 13). Specifically, Miles alleges a series of actions taken by Adams since early 2014 suggesting that he has consistently sought to terminate Miles' employment because he believes she is too old, including by stating as much directly to others. (See id. ¶¶ 15–24.) Miles alleges that Adams' efforts have led to a meeting of the full board scheduled for the evening of October 27, 2015, at which the Executive Committee of Community Board 9 will recommend her dismissal. (Compl. ¶ 41.) The other named defendants either work for defendant Adams or serve on the Executive Committee. (Id. ¶¶ 4–12.)

## DISCUSSION

In the Second Circuit, the standard for securing a TRO is identical to the standard for securing a preliminary injunction. See Andino v. Fischer, 555 F. Supp. 2d 418, 419 (S.D.N.Y. 2008) (collecting cases and noting that "[i]t is well established that in this Circuit the standard for an entry of a TRO is the same as for a preliminary injunction"). In either case, there are two tests a party can meet to secure such relief. First, a party can demonstrate "that he is likely to succeed on the merits; that he is likely to suffer irreparable harm in the absence of preliminary relief; that the balance of equities tips in his favor; and that an injunction is in the public interest." Am. Civil Liberties Union v. Clapper, 785 F.3d 787, 825 (2d Cir. 2015) (quoting Winter v. NRDC, 555 U.S.

7, 20 (2008)). Alternatively, a party "may show irreparable harm and either a likelihood of success on the merits or 'sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly toward the party requesting the preliminary relief.'" Id., 785 F.3d at 825 (citation omitted).

Both standards require, inter alia, that a party demonstrate irreparable harm should the requested relief not issue. See id., 785 F.3d at 825. Miles has not demonstrated that she would be irreparably harmed by the termination of her employment. She argues that, at her age, she is unlikely to be able to find alternate employment, and that being out of work would cause extreme financial hardship. (Compl. ¶ 64.) The Court is not persuaded, however, that such harm is irreparable. Specifically, neither the complaint nor the accompanying affidavits offer any explanation for why, assuming Miles will be wrongfully terminated in the near future, she would not be made whole by remedies that could include her reinstatement and an appropriate award for money damages.

## CONCLUSION

For the reasons stated above, Miles' request for an OTSC and TRO is denied.

SO ORDERED.

Dated: October 27, 2015
Brooklyn, New York

s/Carol Bagley Amon
Carol Bagley Amon
Chief United States District Judge